UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
UNITED STATES OF AMERICA            )
ex. rel.                            )
CHRISTOPHER CODY, et al.            )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   Civil Action No. 04-2080 (RBW)
                                    )
COMPUTER SCIENCES CORPORATION,      )
                                    )
        Defendant,                  )
_____)

**MEMORANDUM OPINION**

On December 1, 2004, the plaintiffs filed this action under the False Claims Act, 31 U.S.C. §3730 et seq. (2000) ("False Claims Act" or "Act"), alleging that the defendant[1] violated the Act (1) when despite DynCorp's failure to maintain the adequate number of personnel for post-war security contracts in Afghanistan, it falsified claims and statements to the United States Government in order to get an extension of such contracts and payment for "a full force of security personnel," Complaint ("Compl.") ¶¶13-14, and (2) when DynCorp failed to use adequately trained dogs for explosives detection, it provided false claims and statements to the

---

[1] DynCorp International ("DynCorp") is the entity that employed the plaintiffs and whose actions are being challenged in this matter. See Complaint ("Compl.") ¶¶ 5-6. DyCorp allegedly is one of the largest private military contractors in the world. Id. ¶8. In 2002, it was ranked as one of the federal government's top twenty five contractors. Id. However, in March 2003, Computer Sciences Corporation ("CSC"), an IT consulting firm located in Virginia, acquired DynCorp. Id. Although the plaintiffs have named CSC as the defendant in the caption of their complaint, they refer to DynCorp as the defendant throughout the body of their complaint. Therefore, the Court assumes for purposes of this motion that the plaintiffs are bringing this action against CSC as the parent company of DynCorp.

United States Government so it could be compensated for services that the Unites States believed were being performed by highly reliable and adequately trained dogs, id. ¶¶16, 19. Specifically, the plaintiffs allege that they were "employed by the defendant[, DynCorp] to fulfill the contract to protect the presidential compound in Kabul[, Afghanistan]." Id. ¶10.  However, they assert that "the defendant [worked] very hard to keep deficiencies in protection hidden from the State Department," id. ¶10, by, among other things, using "dog handlers and Afghan fighters . . . as palace guards," id. ¶12, to remedy the deficiency in the security "force that was required by DynCorp's contract with the State Department," id.  Further, the plaintiffs allege that plaintiff Christopher Cody "reported the failings of his dog['s] [performance ] to his superiors and the defendant knowingly kept [the dog] in rotation for vehicle checks at entrance gates to the compound and thus falsely represented that security work was adequately being performed." Id. ¶17.

Currently before this Court is the defendant's motion to dismiss the plaintiffs' complaint[2] ("Def. Mot.") pursuant to Federal Rules of Civil Procedure 12(b)(5) (insufficient service of process), 12(b)(6) (failure to state a claim), and 4(m) (failure to effect service of process within the required allotted time) ("Rule 4(m)").[3]  Based on the reasons set forth below, the Court

---

[2] On May 23, 2007, Attorney Michael Beattie filed a motion to withdraw as counsel for the plaintiff.  Motion to Withdraw (Docket Number ("No.") 15).  As grounds for his motion, Mr. Beattie stated that "it would not be ethically permissible for him to remain on the case." Id. at 1. Thereafter, the Court ordered Mr. Beattie to advise the Court through an ex parte submission, which would have been placed under seal, why he could not ethically remain in this case by August 15, 2007.  Court Order of August 3, 2007(Docket No. 17).  Mr. Beattie has failed to comply with this order and he has not contacted the Court to explain his failure to do so.  Further, the Court has not been able to contact him. Nonetheless, because all papers necessary to resolve the defendant's dismissal motion have been filed, the Court sees no reason why resolution of the motion should be delayed.

[3] The following papers have also been filed in connection with this motion: the plaintiff's
(continued...)

finds that the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (insufficient service of process) must be **GRANTED**.

## I. BACKGROUND

In October 2002, the State Department's Diplomatic Security Services assumed responsibility for providing security for President Hamid Karzai, President of the Islamic Republic of Afghanistan, from the United States Military.  Compl. ¶9.  Some of the security work was then outsourced to DynCorp.  Id.  "DynCorp commenced providing personal security for President Karzai for a period of six months beginning on October 30, 2002."  Id.  Plaintiff Cody served as an explosives detection dog handler for DynCorp from June 2, 2003 to June 4, 2004, id. ¶5, with the responsibility of handling explosives detecting dogs at the Presidential Compound gate, id. at 10.  Plaintiff Frederick Craycraft served as an armed guard in Qatar and Afghanistan for DynCorp from November 5, 2002 to July 2, 2004, id. ¶6, and while in Afghanistan manned the presidential compound gate, id. at 10.

The plaintiffs assert that "DynCorp was [obligated] to provide and maintain a specific number of qualified protective security personnel to perform personal protective services." However, "[d]uring the course of the plaintiffs' employment, they learned that the defendant's protective security force fell far short of the force that was required by DynCorp's contract with the [United States] State Department."  Id. ¶12.  To compensate for this deficiency, DynCorp allegedly used dog handlers and Afghanstanian fighters as palace guards.  Id.  In addition, the plaintiffs allege that the explosives detection dog that plaintiff Cody was provided to conduct his

---

[3](...continued)
Opposition to Motion to Dismiss ("Pl. Mot.") and the defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss Complaint ("Def's Reply").

work had an unsatisfactory reliability rating. Id. ¶ 16. The plaintiffs assert that these circumstances violated the False Claims Act because (1) the defendant allowed the United States government, while unaware of the inadequate security personnel and assets, to continue to extend DynCorp's contract in Afghanistan and pay the full price for its services, id. ¶14, and (2) the defendant allowed the United States government to continue to pay for the services of dogs who were underperforming when it believes that it is paying for highly reliable and adequately trained dogs, id. ¶¶ 16, 19.

On December 1, 2004, the plaintiffs filed this action and the matter was placed under sealed on the same day. Compl. at 1. Subsequently, on February 2, 2006, counsel for the United States advised the Court that it would not intervene in this matter and suggested that the complaint be unsealed. Notice that the United States Declines to Intervene and Proceed with the Conduct This Civil Action, and Suggestion that the Complaint be Unsealed (Docket Entry No. 6). On February 9, 2006, the Court ordered that the case unsealed and authorized the plaintiffs' to effect service of process on the defendant. Court Order of February 9, 2006 (Docket Entry No. 7). However, the case was not unsealed by the Clerk of the Court until June 9, 2006, and a summon for the defendant was not issued by the Clerk's office until July 21, 2006.

## II. STANDARD OF REVIEW

The Court may dismiss a complaint for ineffective service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) if the plaintiff fails to establish that he or she has properly effectuated service in accordance with Federal Rule of Civil Procedure 4. Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987). "[T]he party on whose behalf service is made has the burden of

establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Id. (internal quotation marks and citations omitted); see also Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003) (holding that "the plaintiff carries the burden of establishing that he has properly affected service") (citing Light, 816 F.2d at 751).

### III.  Legal Analysis

The defendant asserts that the plaintiffs' complaint should be dismissed because (1) the plaintiffs' failed to serve their summons and complaint within the time prescribed by [Federal Rule of Civil Procedure] 4(m)", Def. Mot. at 1, and (2) the plaintiffs' "complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(5)", id. at 2-4.[4] In opposition, the plaintiffs respond that they had repeatedly sought to have the Clerk of the Court issue a summons for the defendant but that "the lack of response by the Clerk's office delayed the process by more than five months." Pl. Opp'n at 4.  Therefore, the plaintiffs contend that the delay in effecting service of process was not their fault and  "request that the Court deem the service made on December 19, 2006 [as] done pursuant to an extension being granted by the Court." Id.  Further, the plaintiffs assert that "[their] complaint states a cause of action with sufficient particularity to provide [the] defendant adequate notice of the claim asserted." Id. For the reasons set for below, the Court finds that the defendant's motion must be granted pursuant to Federal Rule of Civil procedure 12(b)(5).

---

[4] The defendant also asserts that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) (failure to state a claim).  Def's Mot. at 4.  However, the defendant requests that the Court address its Rule 12(b)(5) grounds for dismissal before requiring the defendant to fully brief any other Rule 12(b) defenses including, but not limited to, its Rule 12(b)(6) defense.  Id.

**Federal Rules of Civil Procedure 12(b)(5) and 4(m)**

The defendant argues that the plaintiffs cannot establish good cause for their failure to timely serve the summons and complaint pursuant to Rule 4(m) because (1) they failed to "contact the Court or take other measures to preserve their ability to serve the Complaint within 120 days of the February 9, 2006[,] unsealing order," Def's Reply at 3; (2) counsel for the plaintiffs' does not provide any proof that he attempted to serve CT Corporation, the registered agent for the defendant, with the Complaint and summons, and a request for a waiver of service of process, id. ;(3) the plaintiffs "erroneously contend that CSC somehow lulled them into inaction," by not responding to their request for a waiver of service of process, id. at 4; and (4) "[e]ven if [it is] assumed that July 13 is the operative date . . . [for when the 120-day period commenced to achieve service of process, the plaintiffs] admit that they did not serve the Complaint until 150 days later–on December 19", id. at 7.  In opposition, the plaintiffs respond that (1) "although the Court ordered the complaint to be unsealed on February 9, 2006, [the plaintiffs] were unable to get the Clerk's office to issue a summons," id. at 3, and "unseal the complaint as per the [C]ourt's order until June 9, 2006," id. at 3.  Therefore, the plaintiffs further allege that "the lack of response from the Clerk's office delayed the process by more than five months." Id. at 4.  In addition, the plaintiffs assert that they "attempted to secure a waiver of service from [the] defendants but the defendant[sic] chose to ignore the request for waiver, even though their counsel established contact with and spoke to [the plaintiffs'] counsel about the service of the complaint."  Id.

As noted previously, when a defendant challenges service of process in a federal court proceeding, the plaintiff "must demonstrate that the procedure [he] employed satisfied the

6

requirements of the relevant portions of Rule 4 and any other applicable provision of law."

Wilson v. Prudential Fin., 332 F. Supp. 2d 83, 87 (D.D.C. 2004) (quoting Light v. Wolf, 816

F.2d 746, 751 (D.C. Cir. 1987)).   In this case, Federal Rule of Civil Procedure 4(c)(1) governs

who is responsible for effecting service. Rule(c)(1) provides that:

> A summons shall be served together with a copy of the complaint.
> The plaintiff is responsible for service of a summons and
> complaint within the time allowed under subdivision (m) and shall
> furnish the person effecting service with the necessary copies of the
> summons and complaint.

Fed. R. Civ. P. 4(c)(1).  Under Rule 4(m):

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the
> court, upon motion or on its own initiative after notice to the
> plaintiff, shall dismiss the action without prejudice as to that
> defendant or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the
> court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

If the plaintiff fails to effect proper service within the 120-day limit enumerated in the

Rule 4(m), or within the time period designated by the Court, the plaintiff carries the burden of

showing good cause for the failure. Fed. R. Civ. P. 4(m); see also Prudential Fin., 332 F. Supp.

2d at 87; Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 2-3 (D.D.C. 2004).  "Mistake of counsel

or ignorance of the rules of procedure usually does not suffice to establish good cause."

Whitehead, 221 F.R.D. at 3 (citation omitted).  Moreover, unless the procedural requirements for

properly effecting service of process are satisfied, a court lacks authority to exercise personal

jurisdiction over the defendant.  Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.

Cir. 2002) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)); see Prudential Fin., 332 F. Supp. 2d at 87.  Further, simply being on notice of a lawsuit "cannot cure an otherwise defective service." Whitehead, 221 F.R.D. at 3 (citation omitted); see also LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999) (refusing to substitute actual knowledge for proper service under Rule 4); Mopex, Inc. v. Am. Stock Exch., L.L.C., No. 02-1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) (dismissing the plaintiff's case without prejudice for failure to effect proper service even though the defendant had actual notice of the proceedings) (citation omitted).  Moreover, federal courts have firmly established that a court appearance does not waive an otherwise valid Rule 12(b)(5) defense. See, e.g., Cataldo v. U.S. Dept. of Justice, No. 99-264, 2000 WL 760960, at *6 (D. Me. May 15, 2000) (refusing to accept the defendant's appearance in court as a waiver of the defense of insufficient service of process) (citation omitted).

   Here, the Court finds that the plaintiffs failed to properly serve the defendant for several reasons.  First, counsel for the plaintiffs' allegation that the lack of response by the Clerk of the Court delayed the process by more than five months raises concerns, but this alone does not rise to the level of good cause.  While the Court does not excuse the purported inaction of the Clerk's office to timely unseal the case and expeditiously thereafter issue a summon, the plaintiffs have proffered nothing by way of evidence to support the representation that their attorney repeatedly called the Clerk's office about the delay.  Although counsel for the plaintiffs assert in their opposition to the defendant's motion to dismiss that he had attached to the opposition an affidavit detailing his communications with the Clerk's office regarding unsealing the case and

issuing a summons, Pl's Opp'n at 2, no such affidavit has ever been presented to the Court.[5] "Good cause may be found when a delay in issuance or service of a summons is due to a clerk's negligence or something else beyond plaintiff's control." Abdel-Latif v. Wells Fargo Guard Services, Inc., 122 F.R.D. 169, 174 (D.N.J. 1988) (citation omitted).  Here, however, the plaintiffs have not substantiated their allegation that the Clerk's office was negligent in issuing the summonses, and has failed to show good cause why service was not diligently attempted when he eventually received the summons.  Further, even assuming the accuracy of counsel for the plaintiffs' recollection of the events with the Clerk's office, the plaintiffs failed to take other measures to preserve their ability to serve the Complaint within 120 days of the February 9, 2006 order unsealing the case, including, but not limited to, advising this Court of the problem they allegedly encountered with the issuance of a summons by the Clerk's office or requesting additional time to effect service when the Clerk of the Court would not act.

Second, although the plaintiff asserts that he sent by certified mail a copy of the complaint and a request for waiver of service to the registered agent for CSC, the plaintiffs have provided no evidence that a copy of the complaint and a request for waiver of service of process were delivered to the defendant or its registered agent, including a return receipt verifying delivery of the certified mailing.  Def. Opp'n at 2.  On the other hand, the defendant has provided evidence that CT Corporation has no record of the plaintiffs' certified mailing.  Def. Reply, Ex. 1 (Baruch Decl.) ¶6, Ex. 5 (Affidavit of Nanette White).  Further, counsel for the plaintiffs has not presented any evidence of his alleged conversations with CSC's counsel, which allegedly

---

[5] The defendant has provided evidence that it contacted counsel for the plaintiffs to obtain any such affidavit, but counsel did not respond to the inquiry.  Def. Reply, Exhibit ("Ex.") 1 (Declaration of Douglas Baruch) ("Baruch Decl.").

resulted in him waiting for CSC to respond to the purported request for waiver of service.  Def. Opp'n at 2-3.  However, the defendant has produced evidence challenging whether the plaintiffs were ever lured into believing that service would be waived by the defendant.  Def. Reply, Ex. 1 (Baruch Decl) ¶¶ 4-5, Ex. 3 (Letter from Douglas Baruch to Michael Beattie dated July 13, 2006), Ex. 4 (Letter from Douglas Baruch to Michael Beattie dated July 18, 2006).  Again, "[t]o establish good cause, the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."  Scott v. Cypress Creek Emergency Med. Servs., No. 06-1436, 2007 WL 2209268, at *7 (S.D. Tex. July 27, 2007) (quoting Lindsey v. United States RRB, 101 F.3d 444, 446 (5th Cir. 1996) (citation omitted)).  Here, once again, the plaintiffs have not substantiated their alleged certified mailing of the complaint and request for a waiver of service of process to CSC's registered agent.

Finally, as accurately noted by the defendants, even if the Court designates the date when the Clerk's office issuance of the summons (July 13, 2006) as the initial date from which the plaintiffs' were required to effect timely service on the defendant, service would still be untimely because the registered agent of the defendant was not served until December 19, 2006, more than 120 days later.

### IV.  Conclusion

For the reasons set forth above, the Court is compelled to conclude that the plaintiffs have failed to comply with the requirements of Rule 4(m), nor should they be excused from having failed to do so.  Accordingly, the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process must be **GRANTED** without

prejudice.

**SO ORDERED.**

/s/_____
REGGIE B. WALTON
United States District Judge